UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH D.,<br><br>                        Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                        Defendant. | Case No.: 22-cv-02051-JLB<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) SCREENING AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)**<br><br>**[ECF Nos. 1, 2]** |

Plaintiff Seth D. ("Plaintiff") has filed a Complaint against the Commissioner of Social Security (the "Commissioner") seeking judicial review of the Commissioner's final decision denying his applications for child's insurance benefits and supplemental security income ("SSI"). (ECF No. 1 ¶ 6.)

Presently before the Court is Plaintiff's Motion for Leave to proceed *In Forma Pauperis* ("IFP Motion"). (ECF No. 2.) For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion and *sua sponte* **DISMISSES**

the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## I.  IFP MOTION

**A.  Legal Standard**

All parties instituting a civil action, suit, or proceeding in a district court of the United States must pay a filing fee.  28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).  Section 1915(a)(1) provides that:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).  As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion.  *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "One need not be absolutely destitute to obtain benefits of the [IFP] statute."  *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  "Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness[,] and certainty."  *Escobedo*, 787 F.3d at 1234 (internal quotation marks and citation omitted).

///

///

B. **Discussion**

Here, Plaintiff has not paid the $402[1] filing fee required to maintain a civil action in this District and has instead moved to proceed IFP. (ECF No. 2.) Plaintiff attests to the following under penalty of perjury in his affidavit of assets: He is not incarcerated, but has no wages or income, does not own an automobile, real estate, or other thing of value, and does not have any monthly expenses or debts. (*Id.* at 1–2.) Plaintiff does not indicate whether he has any money in a checking or savings account. (*Id.* at 2.)

In his Complaint, Plaintiff states that he is a "competent adult," but his IFP Motion is devoid of any information indicating how he supports himself or how much money he has available. (ECF No. 1 ¶ 1.) The Court therefore finds that Plaintiff's affidavit of assets insufficiently demonstrates that he lacks the financial resources to pay the $402 filing fee without causing undue financial hardship. Accordingly, Plaintiff's IFP Motion is denied without prejudice.

II. **SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)**

A. **Legal Standard**

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory review by the Court and *sua sponte* dismissal if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). "[S]ection 1915(e) not only permits but *requires* a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added). Complaints in social security appeal cases are not exempt from § 1915(e)'s screening requirement. *Hoagland v. Astrue*, No. 1:12–cv–00973–SMS, 2012 WL 2521753, at *1 (E.D. Cal. June

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350[.]"); *CASD Fee Schedule*, https://www.casd.uscourts.gov/_assets/pdf/courtinfo/Fees%20of%20the%20U.S.%20District%20Court%20(CASD).pdf (effective May 24, 2021) (imposing a $52 administrative fee for a civil action, suit, or proceeding).

28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits."); *cf. Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Under Rule 8 of the Federal Rules of Civil Procedure, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required in a complaint, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint in a social security disability appeal may differ in some ways from complaints in other civil cases, it is "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2. Courts in this District and other districts in the Ninth Circuit look for four basic requirements when screening a social security disability complaint for failure to state a claim:

> First, the plaintiff must establish that he has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016).

Expanding on the fourth requirement, a complaint fails to state a claim if it simply states that the Commissioner was wrong in denying a plaintiff benefits, for "[e]very plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. Thus, "a social security complaint that merely parrots the standards used in reversing or remanding a case is not

sufficient to withstand a screening pursuant to [§] 1915(e).” *Montoya*, 2016 WL 890922, at *2.  Instead, “[a] complaint appealing the Commissioner's denial of disability benefits must [include] a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong.” *Hoagland*, 2012 WL 2521753, at *2.

**B.  Discussion**

Applying these four basic requirements to the Complaint here, the Court finds that the Complaint is insufficient with respect to the third and fourth requirements.  The Complaint fails to allege the nature of Plaintiff's disability and when Plaintiff claims he became disabled.  The Complaint also fails to allege any specific reasons for why the decision of the Administrative Law Judge (“ALJ”) should be reversed or remanded.  Instead, the Complaint “merely parrots” the standard of judicial review[2] by alleging that there is no substantial evidence in the record to support the Commissioner's finding that Plaintiff is not disabled.  (ECF No. 1 ¶ 10.)  This boilerplate statement does not identify the nature of Plaintiff's disagreement with the ALJ's decision.  *See Montoya*, 2016 WL 890922, at *2.  Accordingly, the Court is obligated to *sua sponte* dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

///
////
///
///
///
///
///
///

---

[2]   A court may set aside the “Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole.” *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000).

### III. CONCLUSION

For the reasons stated above, the Court hereby:

(1) **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion (ECF No. 2); and

(2) *sua sponte* **DISMISSES** the Complaint (ECF No. 1) without prejudice and with leave to amend for failure to state a claim upon which relief may be granted. Plaintiff shall have until **January 20, 2023** to file an amended complaint that cures the deficiencies set forth above.

**IT IS SO ORDERED.**

Dated: January 3, 2023

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge